## SUPREME COURT.

### PLATT agt. WILLSON.

The provisions of the revised statutes allowing *double* and *treble costs* are repealed by the Code. (*The views taken in the several reported cases in this work which decide in the same way, concurred in.*)

And this repeal includes the provisions for treble costs allowed in actions when brought against *Indians* in violation of the law of 1813.

In all *civil actions* the prevailing party can only recover the "certain sums by way of indemnity" that are specified in the Code, and such additional allowance as the court may, under its provisions, allow.

*Erie General Term, May,* 1854. MARVIN, BOWEN, and GREEN, J. J. Appeal from Order of Special Term, affirming the adjustment of costs by the clerk. The defendant is an Indian, and claimed treble costs, which the clerk allowed.

J. C. STRONG, *for Plaintiff.*
DYER TILLINGHAST, *for Defendant.*

By the Court, MARVIN, Justice. By the act of 1813, relative to the different tribes and nations of Indians in this state, actions against any of the Indians, upon contract, are forbidden. "And every person who shall sue or prosecute any such action against any of the said Indians shall be liable to pay treble costs to the party grieved."

By the revised statutes, in actions against public officers, &c., if judgment was rendered for the defendant, the defendant was entitled to recover "his taxed costs, and one-half thereof in addition." The revised statutes do not include the case of an action against an Indian, and have not affected the provision in the statute touching actions against Indians, unless the provision of the revised statutes should be regarded as a legislative construction of the meaning of double and treble costs, that is, that double costs mean half, and treble, three fourths costs. It is declared in section 303 of the Code, that "all statutes *establishing* or regulating the costs or fees of attorneys, solicitors, and counsel in civil actions, &c., are repealed," &c. But there may be allowed to the prevailing party,

upon the judgment, certain sums, by way of indemnity, for his expenses in the action; which allowances are termed costs. It is claimed by the plaintiff's counsel that the Code has repealed the provision in the act of 1813, touching costs in actions against Indians. The defendant's counsel claims that the provision has not been affected by the Code. There have been numerous decisions under the Code upon the question, whether the provisions in the revised statutes, giving double costs to officers, &c., are repealed by the Code, and these decisions are conflicting. It is important that this question, and all questions of practice, should be settled, and that the decisions should be uniform, that the profession may know how to act; but it seems impossible under the Code, and the present organization of the court, to attain these desirable ends.

I have examined the decisions upon the question, and the weight of authority seems to be upon the side of those claiming that the Code has repealed that portion of the revised statutes giving double costs to officers, &c. I think, were there but a single decision upon the question, I should be disposed to follow it. But this is not so. I, however, am inclined to the opinion that, by the Code, all statutes giving costs in civil actions are abrogated; and I am inclined to concur in what seems to be the weight of authority upon this question, and thus aid, if possible, in settling the law. If the provisions in the revised statutes, giving double costs, are repealed, then I think the provision in the act of 1813, making the party suing an Indian liable for treble costs, is also repealed, and in such "civil action" no more costs than are allowed by the Code can be given. I do not propose to enter into a discussion of the question, nor to cite the cases. The question has been ably considered by many of the judges, whose opinions have been published. It may be proper to make a few suggestions. Costs are given by statute only. The act of 1813 does not specify any items of cost. It simply makes the party suing "liable for treble costs." Suppose, after the passage of the act, all statutes regulating the amount of fees or costs, had been repealed, could any costs be recovered? In order to know

what treble costs are, it is necessary that we know what single costs are, and to ascertain this it has always been necessary to resort to the statutes specifying the amount and items of costs. The same remarks apply to *double costs* in actions against officers. The legislature has, from time to time, changed the fee bill, or items of cost, thus affecting, not the provisions touching double and treble costs, but the amount that should be recovered. Suppose the Code had stopped by declaring that all statutes *establishing* or regulating the costs or fees of *attorneys, solicitors,* and *counsel,* in civil actions, are repealed, could it be claimed that officers sued, or an Indian, could recover any costs? or that any party succeeding could get costs? Should we not be restored to the common law? The Code, however, does not stop at the supposed point; but it declares that "there may be allowed to the prevailing party, upon the judgment, certain sums by way of indemnity, for his expenses in the action; which allowances are in this act termed costs." The "certain sums" are specified in future sections, in which nothing is said about double or treble costs. Now, where is the authority for any other further or different costs in a civil action than those specified in the Code? All prior statutes fixed the items of costs as fees of the attorney, counsel, solicitor, &c. It is not material to inquire who were entitled to the costs, the party or his attorney, &c. I refer to the manner of framing the acts giving the costs and specifying the items, in reference to the language used in the Code, "costs, or fees of attorneys, solicitors, and counsel." All such statutes are repealed, and all prior statutes which regulated the costs or fees, by referring to the attorney, counsel, or solicitor, &c. My conclusion is, that in *civil actions* the prevailing party can only recover the "certain sums by way of indemnity" that are specified in the Code, and such additional allowance as the court may, under its provisions, allow, that the provisions touching double and treble costs are abrogated.

The order of the special term must be reversed, and the clerk must adjust the costs as provided by the Code, without increasing the single costs.